# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 23-20401
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**

February 29, 2024

Lyle W. Cayce
Clerk

John J. Dierlam,

*Plaintiff—Appellant*,

*versus*

Joseph R. Biden, *in his official capacity as President of the United States*; United States Department of Health and Human Services; Xavier Becerra, *Secretary, U.S. Department of Health and Human Services*; United States Department of Treasury; Janet Yellen, *Secretary, U.S. Department of Treasury*; United States Department of Labor; Julie A. Su, *Acting Secretary, U.S. Department of Labor*,

*Defendants—Appellees*.

―――――――――――――――――――

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-307

―――――――――――――――――――

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

―――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20401

Pro se Plaintiff John Dierlam brought claims challenging the Affordable Care Act (ACA) alleging a myriad of violations of the United States Constitution and The Religious Freedom Restoration Act (RFRA). Dierlam sought both retrospective and prospective relief.

This pro se case was previously before this court in 2020. *See Dierlam v. Trump*, 977 F.3d 471 (5th Cir. 2020). There, we remanded the case so the district court could conduct a full mootness analysis and so Plaintiff could seek a refund of the shared-responsibility payments he made under the ACA from 2014-2017 (a fee imposed on individuals who failed to purchase health insurance) (retrospective relief). *Id.* at 475, 478. As to prospective relief, this court concluded that changes in the law raised questions of standing and mootness which the district court was to address on remand. *Id.* at 473-74.

On remand, the district court granted Defendants' Partial Motion to Dismiss finding that Plaintiff's claims were moot and/or lacked standing because the Tax Cut and Jobs Act reduced the shared-responsibility payments to $0; the Department of Health and Human Services (HHS) created exemptions to the contraceptive-coverage requirement, which included an individual exemption for individuals like Plaintiff; and Plaintiff could not state an injury under § 1502(c) of the ACA. After permitting Plaintiff to file a Third Amended Complaint, Defendants filed another Partial Motion to Dismiss which the district court granted. Plaintiff appealed.

This court has considered this appeal on the basis of the briefs and pertinent portions of the record. Having done so, the judgment is affirmed for the reasons stated in the district court's detailed clarifying memorandum on the dismissal of Plaintiff's Second Amended Complaint. Those reasons also apply to Plaintiff's Third Amended Complaint. The district court did not err in granting Defendants' Partial Motion to Dismiss. We AFFIRM.